# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-872-GPM ) |
| ANNA BECKMANN, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on Plaintiff United States of America's (the United States') motion for summary judgment and supporting memorandum filed on May 8, 2009 (Docs. 7, 8). Under the Federal Rules of Civil Procedure, the non-moving party (here, Beckmann) is entitled to a reasonable opportunity to respond. FED. R. CIV. P. 56. "[A]ll pro se litigants . . . are entitled to notice of the consequences of failing to respond to a summary judgment motion." *Timms v. Frank*, 953 F.2d 281, 284 (7th Cir. 1992). "[T]his notice should include both the text of Rule 56(e) and a short and plain statement in ordinary English that any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant with counter-affidavits or other documentary evidence." *Id*. (citation omitted). When the moving party fails to include this notice with its summary judgment motion, it is the responsibility of the district court to give notice to the non-moving party. *Id*. (citation omitted).

The United States has failed to give the required notice to Beckmann, so the Court must provide Beckmann with the required notice. Therefore, the Court **DIRECTS** Beckmann to follow Federal Rule of Civil Procedure 56(e) in responding to the motion for summary judgment. Rule

56(e), which concerns affidavits and further testimony, states:

> **(1) *In General.*** A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> **(2) *Opposing Party's Obligation to Respond.*** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

FED. R. CIV. P. 56(e)(1) - (2).

The Court **ADVISES** Beckmann that the failure to respond to the evidence presented in support of the United States' motion for summary judgment with evidence of her own may result in a judgment for the United States and against Beckmann. Specifically, any factual assertion will be taken as true by the Court unless Beckmann submits her own affidavits or other documentary evidence contradicting the assertion. Simply put, Beckmann cannot merely rely upon the allegations and denials of her answer (Doc. 5) to survive the motion for summary judgment. *See Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996). Therefore, the Court **ALLOWS** Beckmann up to and including **June 10, 2009**, to respond to the United States' summary judgment motion or risk judgment being entered in favor of the United States and against Beckmann.

**IT IS SO ORDERED.**

DATED: 05/11/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge